IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

RONALD A. MIDDLEKAUFF and
LISA MIDDLEKAUFF,

         Plaintiffs                 No. CIV S-12-105 KJM DAD

    vs.

KCRA-TV, et al.,                    ORDER

         Defendants.
_____/

        This case was on calendar on April 27, 2012 for a hearing on defendants' motion to strike and for other relief. The court ordered the matter submitted on the moving papers. L.R. 230(g). After considering the parties' papers, the court DENIES in part and GRANTS in part the motion to strike and GRANTS plaintiffs leave to file a third amended complaint.

I. Background

        On June 1, 2011, plaintiffs filed a complaint in Sacramento County Superior Court, alleging causes of action for wrongful termination in retaliation for union activity, wrongful termination as the result of age discrimination, breach of contract and loss of consortium against defendants KCRA-TV, Hearst-Argyle Stations, Inc., The Hearst Corporation,

Hearst Television, Inc., and Does 1-200.  ECF No. 12, Motion To Strike, Ex. 1.  Plaintiffs filed a first amended complaint in the superior court on November 30, 2011, alleging three causes of action:  breach of contract, wrongful termination in retaliation for union activities, and loss of consortium.  ECF No. 1, Notice of Removal, Ex. 1.  Defendants removed the action to this court on January 12, 2012 and filed a motion to dismiss on January 19, 2012.  *Id.* & ECF No. 6.  This motion was denied as moot when plaintiffs filed what they characterized as a first amended complaint (FAC) on February 9, 2012.  ECF Nos. 7 & 9.  This complaint contains five causes of action: breach of contract, intentional misrepresentation, wrongful termination as the result of age discrimination, wrongful termination based on disability discrimination, and loss of consortium.  ECF No. 7.

On March 22, 2012, defendants filed the pending motion to strike, arguing that what was called the FAC in this court is actually the second amended complaint (SAC) and so requires leave of the court.  They also argue that if the court construes the SAC as a motion to amend, the motion should be denied as futile, as the SAC fails to state a claim.  ECF No. 12.  Plaintiffs concede that the SAC was improperly filed because they had not received permission to file it but argue that the amendment should be allowed.

II. <u>Standard For Amending A Complaint</u>

Federal Rule of Civil Procedure 15(a)(2) states "[t]he court should freely give leave [to amend its pleading] when justice so requires" and the Ninth Circuit has "stressed Rule 15's policy of favoring amendments."  *Ascon Properties, Inc. v. Mobil Oil Co.*, 866 F.2d 1149, 1160 (9th Cir. 1989).  "In exercising its discretion [regarding granting or denying leave to amend] 'a court must be guided by the underlying purpose of Rule 15 -- to facilitate decision on the merits rather than on the pleadings or technicalities.'"  *DCD Programs, Ltd. v. Leighton*, 833 F.2d 183, 186 (9th Cir. 1987) (quoting *United States v. Webb*, 655 F.2d 977, 979 (9th Cir. 1981)).  However, "the liberality in granting leave to amend is subject to several limitations.  Leave need not be granted where the amendment of the complaint would cause the opposing

1  party undue prejudice, is sought in bad faith, constitutes an exercise in futility, or creates undue

2  delay." *Ascon Properties*, 866 F.2d at 1160 (internal citations omitted).  "Futility of amendment

3  can, by itself, justify the denial of a motion for leave to amend." *Bonin v. Calderon*, 59 F.3d 815,

4  845 (9th Cir.1995).  However, a "proposed amendment is futile only if no set of facts can be

5  proven under the amendment that would constitute a valid and sufficient claim," *Miller v.*

6  *Rykoff–Sexton, Inc.*, 845 F.2d 209, 214 (9th Cir. 1988), or when the proposed amended claims

7  would inevitably be defeated on summary judgment.  *California ex rel. California Dept. of Toxic*

8  *Substances Control v. Neville Chemical Co.*, 358 F.3d 661, 674-75 (9th Cir. 2004).

9          Defendants argue that the motion to amend should be denied because the new

10  complaint fails to state a claim, rendering amendment futile.

11          Although a complaint need contain only "a short and plain statement of the claim

12  showing that the pleader is entitled to relief," FED. R. CIV. P. 8(a)(2), to state a claim, it "must

13  contain sufficient factual matter . . . to 'state a claim to relief that is plausible on its face.'"

14  *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S.

15  544, 570 (2007)).  A complaint must include something more than "an unadorned, the-

16  defendant-unlawfully-harmed-me accusation" or "'labels and conclusions' or 'a formulaic

17  recitation of the elements of a cause of action.'"  *Id.* (quoting *Twombly*, 550 U.S. at 555).  This

18  evaluation is a "context-specific task that requires the reviewing court to draw on its judicial

19  experience and common sense."  *Id.* at 679.  Ultimately, the inquiry focuses on the interplay

20  between the factual allegations of the complaint and the dispositive issues of law in the action.

21  *See Hishon v. King & Spalding*, 467 U.S. 69, 73 (1984).

22          In making this context-specific evaluation, this court must construe the complaint

23  in the light most favorable to the plaintiff and accept as true the factual allegations of the

24  complaint.  *Erickson v. Pardus*, 551 U.S. 89, 93-94 (2007).  This rule does not apply to "'a legal

25  conclusion couched as a factual allegation.'"  *Papasan v. Allain*, 478 U.S. 265, 286 (1986)

26  (quoted in *Twombly*, 550 U.S. at 555).

III.  Analysis

    A.  Breach Of Contract

        In the proposed SAC, plaintiffs allege that on June 5, 2009, defendants told plaintiff Ronald Middlekauff (Ronald) that his employment at KCRA-TV would be terminated effective July 3, 2009; that he would be offered a comparable position if one came open; and that a position came open but it was not offered to him.  ECF No. 7 ¶¶14-15.  Ronald further alleges that "valuable consideration was exchanged for all promises."  *Id*. ¶ 14.

        In California, a cause of action for breach of contract has four elements: (1) the contract, (2) plaintiff's performance or excuse for non-performance, (3) defendant's breach, and (4) damage to plaintiff.  *Hamilton v. Greenwich Investors XXVI, LLC.*, 195 Cal.App.4th 1602, 1613 (2011); *Alberts v. Razor Audio, Inc*., Civ. No. 10-1215 KJM DAD, 2012 WL 530427, at *8 (E.D. Cal. Feb. 17, 2012).  Defendants argue that plaintiffs have not sufficiently alleged the existence of a contract; plaintiffs counter that the letter outlining the conditions was attached to the SAC and that they can supply the missing elements.  They concede, however, that the claim "will probably not survive a motion for summary judgment."  ECF No. 14 at 12-13 .  On this basis, the court finds allowing the amendment will be futile .  The motion to strike/dismiss this claim is granted; plaintiffs will not be given leave to amend it .

    B .  Intentional Misrepresentation

        Defendants argue that Ronald cannot pursue a claim for intentional misrepresentation stemming from the termination of his employment because the latter cause of action subsumes the former .  They rely on *Hunter v. Up-Right, Inc*., 6 Cal.4th 1174, 1178 (1993), which held that "wrongful termination of employment ordinarily does not give rise to a cause of action for fraud or deceit, even if some misrepresentation is made in the course of the employee's dismissal."  In *Hunter*, the employer allegedly falsely told the employee that his position was being eliminated, which prompted his resignation.  The court reasoned that the misrepresentation was "indistinguishable from an ordinary constructive wrongful termination"

because it "transformed what would otherwise have been a resignation into a constructive termination," which the plaintiff had separately challenged. *Id*. at 1184 . It continued that a misrepresentation to effect termination was "merely the means to the end desired by the employer, i.e., termination of employment" and so cannot be the predicate for tort damages. *Id*. at 1185. The court observed that "a misrepsentation *not* aimed at effecting termination of employement, but instead designed to induce the employee to alter detrimentally his or her position in some other respect, might form the basis for a valid fraud claim even in the context of a wrongful termination." *Id*. (emphasis in original); *see also Lazar v. Superior Court*, 12 Cal.4th 631, 641 (1996) (recognizing the limited reach of *Hunter*).

In this case, Ronald alleges that the misrepresentation was the promise to rehire, which was not used to effect the termination. He addresses in conclusory fashion the seven elements of the tort of intentional misrepresentation: (1) the defendant represented to plaintiff that an important fact was true; (2) the representation was false; (3) the defendant knew the representation was false or made it recklessly without regard for the truth; (4) the defendant intended that plaintiff rely on the representation; (5) the plaintiff reasonably relied on the representation; (6) the plaintiff was harmed; and (7) the plaintiff's reliance was a substantial factor in causing the harm. *Manderville v. PCG & S Group, Inc*., 146 Cal.App.4th 1486, 1498 (2007). Because his pleading does no more than parrot the elements of the tort, the court cannot determine whether the claim is facially plausible. Plaintiff will be given leave to amend this portion of the complaint if he is able to do so in compliance with Federal Rule of Civil Procedure 11.

C. <u>Wrongful Termination</u>

Defendants argue that Ronald's claim of termination as the result of age discrimination is insufficient because it does not identify any younger employee hired to replace him. Defendant argues the disability discrimination claim is similarly deficient because Ronald does not allege he qualifies as a disabled person under FEHA or that he requested an

1    accommodation.  It cites cases describing the elements of FEHA causes of action based on these

2    types of claims.  Ronald counters that his allegations are sufficient to plead his two claims,

3    which are based on *Tameny v. Atlantic Richfield Co*., 27 Cal.3d 167 (1980); in *Tameny* the

4    California Supreme Court held that "when an employer's discharge of an employee violates

5    fundamental principles of public policy, the discharged employee may maintain a tort action and

6    recover damages traditionally available in such actions." *Id*. at 170.  *Tameny* has been construed

7    to apply to employment discrimination prohibited by FEHA, including age and disability

8    discrimination. *City of Moorpark v. Superior Court*, 18 Cal.4th 1143, 1158-59 (1998) (disability

9    discrimination); *Stevenson v. Superior Court*, 16 Cal.4th 880, 897 (1997) (age discrimination).

10   To plead a *Tameny* cause of action, a plaintiff must allege that his employer took adverse

11   employment action against him and the termination violated public policy.  *Holmes v. General*

12   *Dynamics*, 17 Cal.App. 4th 1418, 1426 n.8 (1993).  Although the complaint provides very little

13   detail about the *Tameny* claim based on age discrimination, it pleads this claim sufficiently to

14   survive dismissal. On the other hand, Ronald's disability discrimination claim is not well-pled, in

15   that it simply repeats paragraphs from the age-based *Tameny* claim without specifically tailoring

16   them to his disability discrimination claim.  Plaintiff will be given the opportunity to amend

17   these pleadings if he is able.

18        4.  Loss of Consortium

19        Defendant argues that the claim for loss of consortium brought by Ronald's wife

20   Lisa must be dismissed because none of Ronald's claims survive.  In California, "[a] cause of

21   action for loss of consortium is . . . dependent on the existence of a cause of action for tortious

22   injury to a spouse." *Hahn v. Mirda*, 147 Cal.App.4th 740, 746 (2007).  It has four elements: a

23   valid marriage between plaintiff and the person injured; a tortious injury to plaintiff's spouse;

24   loss of consortium suffered by plaintiff; and a causal link between defendant's act and plaintiff's

25   injury .  *Id*. at 746 n.2.  As Ronald's *Tameny* and intentional misrepresentation claims may be

26   included in a third amended complaint, Lisa's claim may go forward as well.

6

IT IS THEREFORE ORDERED that:

1.  Defendant's motion to strike and/or for other relief (ECF No. 12) is denied in part and granted in part;

2.  Plaintiffs' second amended complaint, erroneously labeled first amended complaint (ECF No. 7) is dismissed; and

3.  Plaintiffs may file a third amended complaint that complies with this order within twenty-one days of the filing of this order.

DATED:  May 30, 2012.

_____
UNITED STATES DISTRICT JUDGE