IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

RONALD A. MIDDLEKAUFF and
LISA MIDDLEKAUFF,

      Plaintiffs                        No. CIV S-12-105 KJM DAD

    vs.

KCRA-TV, et al.,                     ORDER

      Defendants.
_____/

         This case was on calendar on September 14, 2012 for a hearing on defendants' motion to dismiss. The court ordered the matter submitted on the moving papers. L.R. 230(g). After considering the parties' papers, the court DENIES in part and GRANTS in part the motion to dismiss.

I. Background

         On June 1, 2011, plaintiffs filed a complaint in Sacramento County Superior Court, alleging causes of action for wrongful termination in retaliation for union activity, wrongful termination as the result of age discrimination, breach of contract and loss of consortium against defendants KCRA-TV, Hearst-Argyle Stations, Inc., The Hearst Corporation, Hearst Television, Inc., and Does 1-200. ECF No. 12, Motion To Strike, Ex. 1. Plaintiffs filed a

1

1  first amended complaint in the Superior Court on November 30, 2011, alleging three causes of
2  action: breach of contract, wrongful termination in retaliation for union activities, and loss of
3  consortium. ECF No. 1, Notice of Removal, Ex. 1. Defendants removed the action to this court
4  on January 12, 2012 and filed a motion to dismiss on January 19, 2012. *Id.* & ECF No. 6. This
5  motion was denied as moot when plaintiffs filed what they characterized as a first amended
6  complaint (FAC) on February 9, 2012. ECF Nos. 7 & 9. This complaint contained five causes
7  of action: breach of contract, intentional misrepresentation, wrongful termination as the result of
8  age discrimination, wrongful termination based on disability discrimination, and loss of
9  consortium. ECF No. 7.

10  On March 22, 2012, defendants filed a motion to strike, arguing that what was
11  called the FAC in this court was actually the second amended complaint (SAC) and so required
12  leave of the court.

13  On May 30, 2012, the court granted the motion to strike in part and denied it in
14  part and dismissed the second amended complaint, though giving plaintiffs leave to file an
15  amended complaint. ECF No. 19.

16  On June 13, 2012, plaintiffs filed their third amended complaint, which contains
17  four causes of action: intentional misrepresentation; wrongful discharge based on age
18  discrimination; wrongful discharge based on failure to accommodate; and loss of consortium.
19  ECF No. 20.

20  Defendants have now filed a motion to dismiss, alleging that the wrongful
21  discharge claims are barred by the statute of limitations; the intentional misrepresentation claim
22  is insufficiently pleaded; and the loss of consortium claim fails as the underlying claims may not
23  proceed. ECF Nos. 30-32. Plaintiffs have opposed the motion and defendants have filed a reply.
24  /////
25  /////
26  /////

## II.  Standards For A Motion To Dismiss

Under Rule 12(b)(6) of the Federal Rules of Civil Procedure, a party may move to dismiss a complaint for "failure to state a claim upon which relief can be granted." A court may dismiss "based on the lack of cognizable legal theory or the absence of sufficient facts alleged under a cognizable legal theory." *Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1990).

Although a complaint need contain only "a short and plain statement of the claim showing that the pleader is entitled to relief," FED. R. CIV. P. 8(a)(2), in order to survive a motion to dismiss this short and plain statement "must contain sufficient factual matter . . . to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)).  A complaint must include something more than "an unadorned, the-defendant-unlawfully-harmed-me accusation" or "'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action.'" *Id.* (quoting *Twombly*, 550 U.S. at 555). Determining whether a complaint will survive a motion to dismiss for failure to state a claim is a "context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id.* at 679. Ultimately, the inquiry focuses on the interplay between the factual allegations of the complaint and the dispositive issues of law in the action. *See Hishon v. King & Spalding*, 467 U.S. 69, 73 (1984).

In making this context-specific evaluation, this court must construe the complaint in the light most favorable to the plaintiff and  accept as true the factual allegations of the complaint. *Erickson v. Pardus*, 551 U.S. 89, 93-94 (2007). This rule does not apply to "'a legal conclusion couched as a factual allegation,'" *Papasan v. Allain*, 478 U.S. 265, 286 (1986) (quoted in *Twombly*, 550 U.S. at 555), nor to "allegations that contradict matters properly subject to judicial notice" or to material attached to or incorporated by reference into the complaint. *Sprewell v. Golden State Warriors*, 266 F.3d 979, 988-89 (9th Cir. 2001).  A court's consideration of documents attached to a complaint or incorporated by reference or as a matter of

1 judicial notice will not convert a motion to dismiss into a motion for summary judgment.
2 *United States v. Ritchie*, 342 F.3d 903, 907-08 (9th Cir. 2003); *Parks Sch. of Bus. v. Symington*,
3 51 F.3d 1480, 1484 (9th Cir. 1995); *compare Van Buskirk v. Cable News Network, Inc.*, 284 F.3d
4 977, 980 (9th Cir. 2002) (noting that even though court may look beyond pleadings on motion to
5 dismiss, generally court is limited to face of the complaint on 12(b)(6) motion).  In this case, the
6 court takes judicial notice of the original complaint filed in Sacramento County Superior Court
7 in order to evaluate defendants' claims based on the statute of limitations.  *United States v.*
8 *Black*, 482 F.3d 1035, 1041 (9th Cir. 2007) (proper to take judicial notice "'of proceedings in
9 other courts, both within and without the federal judicial system, if those proceedings have a
10 direct relation to the matters at issue.'") (internal citation omitted).

11          A court may dismiss a claim under Rule 12(b)(6) on the ground that it is barred
12 by the applicable statute of limitations only when "the running of the statute is apparent on the
13 face of the complaint.  [A] complaint cannot be dismissed unless it appears beyond doubt that the
14 plaintiff can prove no set of facts that would establish the timeliness of the claim." *Von Saher v.*
15 *Norton Simon Museum Of Art*, 592 F.3d 954, 969 (9th Cir. 2010), *cert. denied*, ___ U.S. ___,
16 131 S.Ct. 3055 (2011) (internal citations and quotation marks omitted).

17      A.  The Statute Of Limitations And The *Tameny* Claims

18          Ronald's[1] two claims of wrongful discharge are based on *Tameny v. Atlantic*
19 *Richfield Co.*, 27 Cal.3d 167 (1980).  In *Tameny,* the California Supreme Court held that "when
20 an employer's discharge of an employee violates fundamental principles of public policy, the
21 discharged employee may maintain a tort action and recover damages traditionally available in
22 such actions."  *Id*. at 170.  *Tameny* has been construed to apply to employment discrimination
23 prohibited by FEHA, including age and disability discrimination. *City of Moorpark v. Superior*
24 /////

25

26      [1] The court refers to the plaintiffs by their first names for ease of reference.

*Court*, 18 Cal.4th 1143, 1158-59 (1998) (disability discrimination); *Stevenson v. Superior Court*, 16 Cal.4th 880, 897 (1997) (age discrimination).

Relying on *Barton v. New United Motor Manufacturing, Inc*., 43 Cal. App. 4th 1200 (1996), defendants argue that the *Tameny* claims are barred by a one-year statute of limitations. *Barton* held that *Tameny* claims were governed by the statute of limitations for infringements of personal rights, which, at that time, was the one-year statute of limitations provided by California Code of Civil Procedure § 340(3). *Id*. at 1209. Amendments to the Code of Civil Procedure, effective in 2003, moved this provision to California Code of Civil Procedure § 335.1, which establishes a two-year statute of limitations. *See Lamke v. Sunstate Equipment Co., LLC*, 387 F. Supp.2d 1044, 1051 (N.D. Cal. 2004); CAL. CODE CIV. PRO. § 340, West's Historical & Statutory Notes. Ronald alleges that on June 5, 2009, he received a letter discharging him effective July 3, 2009. The original complaint raising a *Tameny* claim based on age discrimination was filed on June 1, 2011, within the two-year limitations period.

The original complaint's *Tameny* claim was limited to age discrimination; the disability discrimination claim was not raised until February 9, 2012, outside the two-year limitations period. Defendants argue that this second claim does not relate back to the original *Tameny* claim as it is not based on a common core of operative facts.

Rule 15(1)(B) of the Federal Rules of Civil Procedure provides that an amendment relates back to an earlier pleading when "the amendment asserts a claim or defense that arose out of the same conduct, transaction, or occurrence set out. . . in the original pleading . . . ." Under the rule, a claim in an amended complaint filed outside the statute of limitations will be deemed timely if it is transactionally related to the original pleading. *Martell v. Trilogy Ltd.*, 872 F.3d 322, 324 (9th Cir. 1989). This court compares "the original complaint with the amended complaint and decides whether the claim to be added will likely be proved by the 'same kind of evidence' offered in support of the original pleading." *Percy v. San Francisco Gen. Hosp*., 841 F.2d 975, 978 (9th Cir. 1988).

5

In the original complaint, Ronald alleges that at the time of his termination he was 48 years old; that when he was terminated defendants used the limitations stemming from an automobile accident as a ruse to terminate him; that the true reason for his termination was that as a thirty-year employee he was compensated more than the man who took his place and so defendants terminated him in order to save money. ECF No. 32-1 at 9-10 ¶¶ 26-29. In the amended complaint, Ronald does allege that he was 48 years old when he was terminated and that he was replaced with a younger man whose compensation was lower, but also that "defendants. . . terminate[d] plaintiff based on a physical restriction which did not prevent plaintiff from performing his job duties with reasonable accommodation." Third Amended Complaint, ECF No. 20 at 9 ¶¶ 49-52. He also refers to an employer's duty to engage in an interactive process with a disabled employee to determine whether appropriate accommodations may be made. *Id*. ¶ 50; *see* CAL. GOV'T CODE § 12940(n).

Although both *Tameny* claims stem from defendants' decision to terminate plaintiff, they do not "'share a common core of operative facts' such that plaintiff will rely on the same evidence to prove each claim." *Williams v. Boeing Co*., 517 F.3d 1120, 1133 (9th Cir. 2008) (quoting *Martell*, 872 F.2d at 325-36). Ronald's disability-based *Tameny* claim will require him to show that he was disabled within the meaning of California's FEHA, that he was otherwise qualified for the job, and that he was terminated because of the physical disability. *Scotch v. Art Inst. of California-Orange County*, 173 Cal. App. 4th 986, 1006 (2009). He will thus have to present evidence relating not only to his physical limitations but also to his job requirements. To show his age-based claim, however, he must show that he was a member of a protected class, he was performing competently in his position, he was terminated, and some evidence suggesting a discriminatory motive, such as that he was replaced by a substantially younger employee. *Juell v. Forest Pharm., Inc*., 456 F. Supp. 2d 1141, 1150 (E.D. Cal. 2006); *Begnal v. Canfield Assoc., Inc*., 78 Cal.App.4th 66, 75 (2000). While some of the facts overlap, plaintiff's disability discrimination claim will require not only an exploration of his physical

1 limitations, but also the ways in which his job could be modified in order to take those
2 limitations into account, evidence that simply is not relevant to an age discrimination claim.  His
3 disability-based *Tameny* claim does not relate back to the original, timely complaint.

   B. <u>Failure To State A Claim</u>

   i. Intentional Misrepresentation

6 As they did in their motion to dismiss the second amended complaint, defendants
7 argue that a claim for unlawful termination does not give rise to a claim for fraud or deceit
8 stemming from a misrepresentation in the course of the termination.  ECF No. 31 at 18.  They
9 rely, as they did previously, on *Hunter v. Up-Right, Inc.*, 6 Cal.4th 1174, 1178 (1993).  In its
10 earlier order, the court acknowledged *Hunter*, but recognized that plaintiff's claim of
11 misrepresentation did not arise from the termination itself but rather the alleged promise to
12 rehire.  ECF No. 19 at 4-5.  It is unclear why defendants have repeated an argument the court
13 has rejected.

14 They also argue that plaintiffs have not adequately addressed the elements of
15 intentional misrepresentation.  The court has reviewed the third amended complaint and finds
16 Ronald has adequately pleaded this claim.

   ii. Loss Of Consortium

18 Defendants argue only that because Ronald's claims do not survive, Lisa's
19 derivative claim for loss of consortium must be dismissed.  As the court has found that two of
20 Ronald's claims may proceed, it declines to dismiss Lisa's loss of consortium claim.

21 /////
22 /////
23 /////
24 /////
25 /////
26 /////

IT IS THEREFORE ORDERED that:

1. Defendants' motion to dismiss (ECF No. 30) is granted as to plaintiffs' third cause of action but denied in all other respects; and

2. Defendants' answer to the complaint is due within fourteen days of the date of this order.

DATED: October 31, 2012.

_____
UNITED STATES DISTRICT JUDGE